COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Frank


ROBERT B. STRAIN

                                    MEMORANDUM OPINION*
v.    Record No. 3097-99-4              PER CURIAM
                                       JUNE 13, 2000
JOSEPHINE C. STRAIN


          FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                  Stanley P. Klein, Judge

          (Kenneth L. Crosson, on briefs), for
          appellant.

          (Lawrence H. Bowen; Paula W. Rank; Byrd
          Mische P.C., on brief), for appellee.


     Robert B. Strain (husband) appeals the decision of the

circuit court denying his "Motion for the Reduction in Maintenance

and Support."  The trial court found that, under the terms of the

parties' "Property and Support Settlement Agreement" (agreement)

which was incorporated into the final decree of divorce, it lacked

jurisdiction to modify the monthly spousal support husband pays to

Josephine C. Strain (wife).  Husband contends that the trial court

erred in finding that it lacked jurisdiction to modify spousal

support.  In response, wife seeks an award of appellate attorney's

fees.  Upon reviewing the record and briefs of the parties, we

     ---

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  <u>See</u> Rule 5A:27.

The record on appeal contains neither a transcript nor a written statement of facts.  In his response to our "Rule to Show Cause" why this appeal should not be dismissed, husband contends that the record, including the parties' agreement and the trial court's decrees, is sufficient to address the issues raised.  We agree.  Therefore, we proceed to the merits of husband's appeal.

The parties executed their agreement on February 3, 1989. In paragraph 7, entitled "SPOUSAL SUPPORT," the agreement provides:

> The husband agrees to pay to the wife, as and for her support and maintenance, the sum of One Thousand Dollars ($1,000.00) per month, the first payment to be made on the 1st day of February, 1989, and to continue in consecutive monthly installments on the 1st day of each month thereafter until such time as the wife's remarriage or death, or husband's death, whichever first occurs.

The agreement also requires all modifications to be in writing. The parties agreed to present the agreement for incorporation into a decree, but specifically provided that "this Agreement shall independently remain in full force and effect, and shall survive any decree, order, or judgment hereafter entered and shall forever be binding and conclusive upon the parties."

In the decree of divorce entered April 17, 1989, the trial court awarded wife spousal support pursuant to the terms of the

-

parties' agreement. The decree expressly provided that the support payments "shall be governed as to termination, reduction and/or increase in accordance with the Property Settlement Agreement dated February 3, 1989 affirmed, ratified, and incorporated herein . . . ."

By motions filed January 29, 1999, husband sought to reopen this matter and filed his motion seeking to reduce spousal support. Wife also filed a motion seeking to enforce the agreement. By order entered November 30, 1999, the trial court ruled that it lacked jurisdiction to modify the spousal support payments. The trial court granted wife's motion and awarded wife $750 in attorney's fees.

"In Virginia property settlement agreements are contracts and subject to the same rules of formation, validity and interpretation as other contracts." Smith v. Smith, 3 Va. App. 510, 513, 351 S.E.2d 593, 595 (1986) (citation omitted). "[O]n appeal if all the evidence which is necessary to construe a contract was presented to the trial court and is before the reviewing court, the meaning and effect of the contract is a question of law which can readily be ascertained by this court." Fry v. Schwarting, 4 Va. App. 173, 180, 355 S.E.2d 342, 346 (1987).

The parties' agreement provides that husband will pay wife $1,000 a month in spousal support until wife remarries or one of the parties dies. The agreement contains no provision allowing

-

either party to seek a modification in the amount of support. Under Code § 20-109, the trial court could not enter an order "except in accordance with that stipulation or contract" signed by the parties and presented to the court. While husband argues that the agreement does not specifically prohibit modification and is merely silent, we disagree.

> "'[C]ourts cannot read into contracts language which will add to or take away from the meaning of the words already contained therein.'" "Where there is no ambiguity in the terms of a contract, we must construe it as written, . . . and we are not at liberty to search for the meaning of the provisions beyond the pertinent instrument itself."

Bergman v. Bergman, 25 Va. App. 204, 214, 487 S.E.2d 264, 269 (1997) (citations omitted). The express language of the agreement provides for a set amount of monthly support unless one of the three stated contingencies occurs. Therefore, because the agreement contains no provision allowing modification, the trial court did not err in ruling that it lacked jurisdiction to consider husband's motion seeking to modify support.

## Appellate Attorney's Fees

Wife was awarded $750 in attorney's fees under the terms of the parties' agreement. She seeks an award of additional attorney's fees incurred in connection with her defense against husband's appeal. We note that paragraph 18 of the parties' agreement provides that the costs of enforcing "any of the provisions of this Agreement, whether through litigation or

-

other action necessary to compel compliance herewith, shall be borne by the defaulting party."  We grant wife's request for an award of her appellate attorney's fees and remand this matter to the trial court for it to determine the proper amount of the award.

Accordingly, the decision of the circuit court is summarily affirmed, and the matter is remanded to the trial court for the determination of wife's appellate fees.

<u>Affirmed and remanded.</u>

-